ROANE, Judge.
This is an action of assumpsit, and the declaration contains two counts; one for money paid *206 by the plaintiff to the defendant’s testator, at his special instance and request; and, the other for money had and received by the testator, to the use of the plaintiff. The pjea js non assumpsit, on which the plaintiff took issue, and the jury have found a verdict for the plaintiff for 103/. 12s. 3d. currency, subject to the opinion of the Court, upon this question, “ whether the bill of exchange and protest, and the letters of TV. Carr hereto annexed, be legal evidence admissible to the jury, to support either count in the declaration ?” The bill referred to in 'the verdict, was drawn by JLndrew Leitch for 50/. sterling, on the 13th of September, 1774, payable to TV. Carr, for value in currency here received, at sixty days sight, on Cunningham Gobbet, merchant in Glasgow. This bill was endorsed by Carr to the plaintiff, on account of a debt then due by the former to the latter, as appears by the letters. Which debt, had been previously secured by his note, as the same letters shew. On the 26th of January, 1775, this bill was protested for non-payment, as having no advice from the drawer. The letters referred to, are dated on the 12th and 29th of September, 1784; and, after proving the consideration of the endorsement as above, they state that a letter of the plaintiff, dated on the * 12th of June, then last past, gave him the first information of the non-payment of the bill, and that Carr considered himself not responsible for the debt, on account of the delay and negligence, which had taken place in that respect.
Upon this testimony, which was produced by the plaintiff, it is submitted by the jury, whether it be legal and admissible evidence to support either count in the declaration.
I lay great stress upon the word support in the verdict; and, therefore, if the Court should be of opinion that the evidence is legal and admissible, as far as it goes, but that some further testimony is wanting to warrant a recovery upon either count in the declaration, judgment cannot be given for the plaintiff upon this verdict.
The particular-point now submitted by the jury, and which was much discussed at the bar, is, whether this testimony will warrant a recovery upon the general counts of indebitatus assumpsit in the declaration. But, if there be such a defect in the case submitted, as that a recovery thereon, will not be warranted under any count whatsoever, a decision, upon the point relative to the form of declaring, becomes unnecessary.
*207 The evidence referred to, shews, that there was a lapse of more than nine years between the protest, and notice to the endorser. If this had been the usual and special action upon the bill of exchange, notice of non-payment within a reasonable time, must have been shewn, or the
plaintiff could not have recovered; and, surely, the case is not different, when another mode of declaring is resorted to.
It is inseparably incident to the nature of a bill of exchange, that if the endorsee delays for an unreasonable time to notify the endorser of the non-payment, he thereby discharges him of his responsibility. * But, the ground of the action here, is, that the plaintiff advanced money to the testator of the defendant, which, from posterior circumstances, became ex sequo et bono, money received to bis use; and, to prove this, he produces in evidence, amongst other things, the bill endorsed by the testator. But, surely, when the plaintiff took the bill, on account of a pre-existing debt, he undertook to perform all that was necessary to be performed by an endorsee, and is liable for all the consequences of his laches. These consequences, necessarily grow out of the very nature of the transaction, and cannot be eluded by merely varying the form of declaring. At any rate, the complexion of this case is such, as to preclude a recovery, under the equitable form of action now in question; which is brought to recover money, that the plaintiff undertook to receive from another; and, in case of non-payment, to notify the default to the endorser within a reasonable period. But, instead of this, he has lain by for a very unusual timej and, would now throw upon the defendants, the loss of a debt, which, on timely notice, they might most probably have recovered of the drawer of the bill.
I am, therefore, of opinion, that, under the circumstances of this case, the defendant cannot be charged under any form of action, but that he is absolved by the conduct of the plaintiff. Which proposition essentially includes another, namely: that the defendant cannot be charged, on either count of the present declaration.
This view of the subject, upon the defect of evidence in notifying the non-payment to the endorser, within a reasonable time, does not decide a question similar to this in other respects, but where such proof is supplied. Should *208 such a case ever occur, I will give that opinion, on it, which shall seem to me to be right, but I shall forbear to f say any thing upon it at present. Because, I think it un- ' necessary, and that the judgment of the District Court ought to be affirmed, upon the other reasons which I have mentioned.
CARRINCrTON, Judge.
It is not necessary to decide as a general question, the' point relative to the sufficiency of the testimony to support the counts in the declaration.Por, upon the papers themselves, I think the plaintiff was not entitled to recover the money under any form of action. Nine years appear to have elapsed^ after the protest was made, before any notice of it was given to Can’; and, in the mean time Leitch, who was at first in good circumstances, dies, his estate is wasted, and the money is lost. Under this view of the case, on whom is it most reasonable, that the loss should fall ? On Carr, who was an innocent man, guilty of no fault; or, on the plaintiff, whose culpable negligence, and unaccountable delay, has produced it ? It is one of the first principles of justice, that he whose negligence has occasioned a loss, ought to bear it. But, it was said, that the letters of Carr ought not to be admitted as proof of the loss. Those, who make that objection, would do well to remember, that it was the plaintiff who produced them; and, therefore, he cannot object to the defendant’s making what use of them, he thinks proper. For, they are not to be garbled, but must be taken altogether, and not partially. I am, therefore, extremely clear, that upon the merits of the case, the plaintiff was not entitled to recover.
It consequently becomes unnecessary to decide as a general proposition, the question submitted by the verdict.But, if it had been, I might perhaps have thought, (though I give no opinion,) that circumstanced as this case is, the evidence without auxiliary testimony, would not have been entirely free from objection, under either count in the declaration. In Mackie v. Davis, [2 Wash. 219,] and M’Williams v. Smith, [ante. 123,] there were special statements setting forth the nature -of the demand, besides the common money counts. Which had this, at least, to recommend them, that they gave notice to the defendant, and enabled him to come prepared to contest the demand; whereas, the other practice is calculated to surprise and throw him off his guard. However, as before observed, *209 I would not be understood as deciding that question at present, or as meaning to be bound by what I have said with regard to it: Because, it is unnecessary, as I am perfectly satisfied that no action can be maintained against the defendants, upon these papers.
I, therefore, concur in the opinion, that the judgment should be affirmed upon the merits of the case.’ Por, I shall never be inclined to support the idea, that because the strict words of a finding may apparently confine the verdict to a particular enquiry, a plaintiff, who upon the broad grounds of justice and law, has no title to recover, shall be allowed to take his adversary by surprise, and overthrow an honest defence, by a - critical exposition of the unskilful words of a jury.
PENDLETON, President.
The question, whether a general indebitatus assumpsit will lie on a bill of exchange, note or bond assigned, as between immediate privies, took up much time in conference, since the counsel on both sides argued it at large, and I have an opinion upon it, but it being unnecessary to decide it in this case, the point is reserved ’till a case shall arise, where it becomes necessary, and there may be a full Court. At the same time, I cannot forbear to mention, that I do not like this new practice of general counts much, as they tend to surprise the other party, without giving him an opportunity of preparing for a full defence. In England, the usual practice is to insert a special count, and the general money counts are only resorted to, on account of some defect of form in the special count, which avoids the inconvenience of surprise; because, the adverse party has notice from the special count of the matter with which he is charged. Whereas, the general count does not give such notice. * This is the stronger in a case against executors, who must necessarily be less acquainted with circumstances, than their testator was himself. In the few instances which have occurred in- this Court, of suits between the assignee and assignor of bonds or notes, the special form *210 has been pursued. Such are Mackie v. Davis, M’ Williams v. Smith, and Minnis v. Pollard, [ante. 236.]
But, what is the case before the Court ? Here, upon an indebitatus assumpsit, papers are offered in evidence to support the issue, which do not shew the plaintiff to be entitled in any form of action.
The papers are a bill drawn in September, 1774, by Deitch, in favor of Carr, and by him endorsed and remitted to Wood; protested in January, 1775; of which no notice is given to Carr, until September, 1784, above nine years afterwards. By this neglect, Carr’s responsibility, as endorsee, was at an end: And does he revive it
by any promise to pay or acknowledgment of the debt ? On the contrary, he positively refuses payment; and, for a good reason too, that by the delay he had lost his remedy against the drawer; solvent at the time of the protest, but then become insolvent. *
Wood thus warned, lies by till 1792, eight years longer, and seventeen years from the date of the protest, when, Carr being dead, he brought this suit against his executors, as a chance of recovering, from their ignorance of the transaction, an unjust demand; and, by the general indebitatus assumpsit concealing the real case, so as to better the chance by surprise. In the language of Lord. Kenyon in the case of Stedman v. Gooch, Espin. Rep. 3, I consider the documents as mere waste paper, and think the District Court very properly decided; that they were not legal evidence. Of course, the judgment must be affirmed.
Judgment affirmed.

[* Turner v. Leech, 4 Barn, and Ald. 451.]

[* See Isom v. Johns, 2 Munf. 272. By the act oiFeb. 25,1819, e. 128, § 86, it was enacted, that “ in every action of indebitatus assumpsit, the plaintiff shall file, with his declaration, an account, stating distinctly the several items of his claim against the defendant; and, in failure thereof, he shall not be entitled to prove, before the jury, any item, which is not so plainly and particularly described in the declaration, as to give the defendant full notice of the character thereof.” i?. C. p. 5X0, ed. 1819,3

[* De La Torre v. Barclay et al. 1 Starkie N. P. R. 7.]