RICKETTS (UNITED STATES v.). See Cases Nos. 16,158 and 16,159.

RICKEY (ARMSTRONG v.). See Case No. 546.

RICO (UNITED STATES v.). See Cases Nos. 16,160 and 16,161.

RIDDICK (WHITELY v.). See Case No. 17,567.

RIDDLE (COPLEY v.). See Case No. 3,214.

RIDDLE (GORDON v.). See Case No. 5,619.

---

## Case No. 11,807.

### RIDDLE et al. v. MANDEVILLE et al.

#### [1 Cranch, C. C. 95.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

NOTES—REMOTE INDORSER—USURY.

1. An action for money had and received, can be maintained in Virginia, by an indorsee against a remote indorser of a negotiable promissory note.

2. A sale of an indorsed negotiable note, for flour, and a sale of the flour for an amount, in cash, less than the value of the note after deducting the discount for the time it had to run, is not usurious.

Assumpsit for money had and received. The evidence was a note made by Vincent Gray, March 2d, 1798, to Mandeville & Jamesson, or order; by them indorsed to James McClenachan, and by him to the plaintiffs; and the record of a suit by the plaintiffs against Gray, the maker of the note, prosecuted to judgment, execution, and insolvency.

It was contended, by the defendants, 1st, That an action will not lie by an indorsee against a remote indorser of a promissory note. 2d. That the plaintiff cannot recover on this count; and 3d. That the note was usurious.

1. On the first point, the cases cited were, McWilliams v. Smith, 1 Call (Va.) 123; Small-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

wood v. Vernon, 1 Strange, 479; Grant v. Vaughan, 3 Burrows, 1516; Ward v. Evans, 2 Ld. Raym. 928, and the case of Lee v. Love, 1 Call (Va.) 497.

THE COURT was of opinion that the action will lie. See the case of Dunlop v. Silver [Case No. 4,169]. MARSHALL, Circuit Judge, contra.

2. The plaintiff cannot recover on the simple count for money had and received. Because it tends to surprise the defendant. Wood v. Carr's Ex'rs, 1 Call (Va.) 232. But this objection was unanimously overruled by the court.

3. The evidence relied on to prove the usury, was that the note with the indorsement of the defendants and McClenachan was put into the hands of Simms, a broker, to raise money upon. With the note, which was for $1500 at 60 days, Simms purchased flour from Scott which he sold for $1200 cash, and paid it to McClenachan.

THE COURT refused unanimously to instruct the jury that the transaction was usurious.

A bill of exceptions was taken on the two first points, and the judgment reversed in the supreme court of the United States. See 1 Cranch [5 U. S.] 290.

[NOTE. Subsequently complainants brought a bill in equity, which was decreed to be dismissed in this court, it being held that there was no equity in the bill. Case unreported. From that decree the complainants appealed to the supreme court, where the decree was reversed, and the defendants directed to pay the amount of the note to the plaintiffs. 5 Cranch (9 U. S.) 322. A mandate was issued on this reversal, but nothing was said about costs, and the attorney for plaintiffs moved the court for a further mandate to the circuit court, to award the costs of that court. It was held that the court below was competent to award costs in a chancery suit in that court, and, in case of a mandate, may issue execution therefor. 6 Cranch (10 U. S.) 86.]